UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. Case No. 23-13064-AA

_____

SUZANN MUDAHY-NICHOLSON,
PLAINTIFF/APPELLANT,

v.

CITY OF MIAMI,
DEFENDANT/APPELLEE.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF FLORIDA.
HON. JOSE E. MARTINEZ, DISTRICT JUDGE
_____

INITIAL BRIEF
_____

David J. Winker, Esq.
David J. Winker, PA
4720 S. Le Jeune Rd
Coral Gables, Fl 33146
305-801-8700
dwinker@dwrlc.com

Counsel for Appellant

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 26.1-1, appellant certifies the following persons and entities may have an interest in this case:

1. Becerra, Jacqueline, U.S. Magistrate Judge

2. Capdevila, Bryan E., Counsel for Defendant/Appellee

3. City of Miami, Interested Party/Defendant/Appellee

4. Eves, Eric J., Counsel for Defendant/Appellee

5. Ferguson, Adanna N., Counsel for Defendant/Appellee

6. Jones, Kevin R., Counsel for Defendant/Appellee

7. Mandel, Arthur, Counsel for Plaintiff/Appellant

8. Martinez, Jose E., U.S. District Court Judge

9. Méndez, Victoria, City Attorney, City of Miami, Counsel for Appellee/Defendant

10. Mudahy-Nicholson, Suzann, Party/Defendant/Appellee

11. Negron, Jurgen G., Counsel for Plaintiff/Appellant

12. Panoff, Stephanie K., Counsel for Defendant/Appellee

13. Winker, David J., Counsel for Appellant/Plaintiff

## STATEMENT REGARDING ORAL ARGUMENT

Appellant suggests that the nature of the issues in this case, together the facts and procedural history hereof, render this one in which oral argument would be useful to the Court. Appellant respectfully requests the opportunity to present oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS/CORPORATE DISCLOSURE STATEMENT .................................................................... ci

STATEMENT REGARDING ORAL ARGUMENT .................................... i

TABLE OF CONTENTS ............................................................... ii

TABLE OF AUTHORITIES ......................................................... iii

STATEMENT OF JURISDICTION ............................................... 1

STATEMENT OF THE ISSUES ................................................... 1

STATEMENT OF THE CASE AND FACTS .............................. 1

STANDARD OF REVIEW .......................................................... 4

SUMMARY OF THE ARGUMENT .......................................... 4

ARGUMENT ............................................................................. 5

**I.  Plaintiff has sufficiently exhausted administrative remedies as to all of the counts**

**II.  Plaintiff has given sufficient facts as to why Defendant's cited reason for termination is untrue and pretext for Defendant's actual reasons of discrimination and retaliation**

CONCLUSION ........................................................................ 17

CERTIFICATE OF COMPLIANCE .. **Error! Bookmark not defined.**7

CERTIFICATE OF SERVICE ................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

*Alvarez v. Royal Atl. Dev.*,
    610 F.3d 1253, 1265 (11th Cir. 2010)               14

*B&G Enters., Ltd. v. United States*,
    220 F.3d 1318, 1322 (11th Cir. 2000)               3

*Briley v. Carlin*,
    172 F.3d 567, 571 (8th Cir.1999)               5, 7

*Crawford v. Babbitt*,
    186 F.3d 1322 (11th Cir. 1999)               5

*Crawford v. City of Fairburn, Ga.*,
    482 F.3d 1305, 1309 (11th Cir. 2007)               14

*Danner v. Phillips Petroleum Co.*,
    447 F.2d 159, 161-62 (5th Cir. 1971)               8

*EEOC v. STME LLC*,
    309 F. Supp. 3d 1207 (MD FL Feb. 15, 2018)               8

*Evans v. U.S. Pipe & Foundry Co.*,
    696 F.2d 925, 929 (11th Cir. 1983)               7

*Gregory v. Ga. Dep't of Human Res.*,
    355 F.3d 1277, 1280 (11th Cir. 2004)               7, 8

*Hurlbert v. St. Mary's Health Care Sys., Inc.*,
    439 F.3d 1286, 1299 (11th Cir. 2006)               14

*St. Charles Foods, Inc. v. America's Favorite Chicken Co.,*
    198 F.3d 815, 819 (11th Cir. 1999)      4

*Thornton v. E.I. Du Pont de Numours & Co.,*
    22 F.3d 284, 288 (11th Cir. 1994)      3

*Tsavarus v. Savannah Law Sch. LLC,*
    847 Fed. Appx. 634 (11th Cir. 2021)      14

*Wade v. Secretary of the Army*,
    796 F.2d 1369, 1377 (11th Cir.1986)      5, 7

*Whatley v. CNA Ins. Co.,*
    189 F.3d 1310, 1313 (11th Cir. 1999)      3

*Wu v. Thomas*,
    863 F.2d 1543, 1548 (11th Cir. 1989)      7, 8

**Statutes**

28 U.S.C. § 1291

28 U.S.C. § 1331

42 U.S.C §1981

42 U.S.C. §2000e

42 U.S.C. §12101

Civil Rights Act of 1964

Age Discrimination in Employment Act of 1967

American with Disabilities Act of 1990

**Rules**

Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure

## STATEMENT OF JURISDICTION

The district court had jurisdiction. 28 U.S.C. § 1331. This Court has appellate jurisdiction. 28 U.S.C. § 1291. District Judge Jose E. Martinez entered the Order granting summary judgment on August 17, 2023 (DE 64) and Final Judgment on August 21, 2023 (DE 65). Plaintiff filed a timely notice of appeal on September 16, 2023 (DE 66).

## STATEMENT OF THE ISSUES

Whether the evidence presented by Defendant supports the entry of summary judgment.

## STATEMENT OF THE CASE AND FACTS

Plaintiff filed this action against Defendant alleging violations of: (1) sex discrimination under 42 U.S.C. §2000e; (2) race discrimination under 42 U.S.C. §2000e; (3) race discrimination under 42 U.S.C. §1981; (4) disability discrimination under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. §12101; (5) retaliation for complaints of sex discrimination under 42 U.S.C. §2000e; (6) retaliation for complaints of race discrimination under 42

U.S.C. §2000e; (7) retaliation for complaints of race discrimination under 42 U.S.C §1981; and (8) retaliation for complaints of disability discrimination under ADAAA, 42 U.S.C. §12101.

In its Motion for Summary Judgment, Defendant put forth four reasons why Plaintiff's Complaint should be dismissed: (1) her claims are time-barred by the applicable statute of limitations; (2) failure to exhaust administrative remedies; (3) failure to establish a prima facie case; and (4) insubordination is a legitimate nondiscriminatory reason for termination.

Plaintiff opposed Defendant's motion in its entirety, and provides her affidavit attached as Exhibit A as evidence in opposition.

The Trial Court previously found [DE 49] that Defendant's arguments that Plaintiff failed to exhaust her administrative remedies is without merit because Plaintiff did exhaust her administrative remedies on Counts 1, 2, 4, 5, 6, and 8 by fully cooperating in good faith with the Equal Employment Opportunity Commission ("EEOC"), providing them detailed facts to support all of her causes of action, and had Defendant's bothered to FOIA the

EEOC file (or ask Plaintiff's counsel), they would have known exactly what she provided to the EEOC. See FOIA copy of the EEOC file, Exhibit 1 to DE17.

The Trial Court also previously found [DE 49] that Defendant's arguments that insubordination is a legitimate nondiscriminatory reason for termination is without merit because Defendant's proffered reason for Plaintiff's termination are pretextual and that Defendant conspired with Plaintiff's co-workers to inappropriately investigate her and find illegitimate reasons to fire her. Moreover, Plaintiff alleges inconsistencies and violations of law in connection with Defendant's investigation procedures.

In the Order granting summary judgment, the District Court held that Defendant was entitled to Summary Judgment based on the evidence presented.

## Underlying Cause of Action

Plaintiff's Complaint sets forth a cognizable complaint regarding discrimination.

## STANDARD OF REVIEW

The grant or denial of summary judgment is reviewed de novo. *B&G Enters., Ltd. v. United States*, 220 F.3d 1318, 1322 (11th Cir. 2000); *Thornton v. E.I. Du Pont de Numours & Co.,* 22 F.3d 284, 288 (11th Cir. 1994). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Whatley v. CNA Ins. Co.,* 189 F.3d 1310, 1313 (11th Cir. 1999). The court must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 819 (11th Cir. 1999).

## SUMMARY OF THE ARGUMENT

The District Court's granting of summary judgment should be reversed because the decision is contrary to well-established jurisprudence.

## ARGUMENT

## I.    Plaintiff has sufficiently exhausted administrative remedies as to all of the counts

1. Defendant alleges that Plaintiff failed to satisfy the requirement of exhausting administrative remedies regarding Counts 1, 2, 4, 5, 6, and 8 and thus those counts should be dismissed for lack of subject matter jurisdiction. Defendant is wrong and should have their Motion for Summary Judgment denied for two reasons. First, Plaintiff made a good faith effort to exhaust her administrative remedies prior to filing this lawsuit by filing a totally adequate Charge of Discrimination with the EEOC, which is the actual standard of exhaustion of administrative remedies. Second, Plaintiff sufficiently mentioned discrimination and retaliation on the basis of race, sex, and disability in her EEOC charge such that Defendant would reasonably expect and should have reasonably expected such claims and facts to grow out of Plaintiff's EEOC charge. Moreover, the EEOC file is replete with details about all of Plaintiff's facts to support her various discrimination complaints in the Charge.

2.  Defendant misstates the standard for exhaustion of administrative remedies. *Crawford v. Babbitt*, 186 F.3d 1322 (11th Cir. 1999); *Wade v. Secretary of the Army*, 796 F.2d 1369, 1377 (11th Cir.1986). While it is true that Plaintiff must cooperate with the EEOC's investigation in order to exhaust administrative remedies, the standard is not that every single fact be disclosed to the EEOC. Instead, the standard is simply that Plaintiff made a good-faith effort to cooperate with the EEOC's investigation and provided information and documentation as requested by the EEOC. *Crawford*; *Wade*; *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir.1999).

3.  Notwithstanding this very light burden, in this case, Plaintiff provided the EEOC all documentation and information that she had as requested by the EEOC. In Exhibit 1, pages 5-8, the EEOC activity log illustrates that Plaintiff consistently updated and uploaded documents to the EEOC regarding facts of the case, including medical records, body camera footage, a polygraph test taken by Plaintiff, and other documents that were either requested by EEOC or provided by Plaintiff in cooperation with the EEOC in the hopes of resolving the charge without filing a lawsuit. Exhibit 1.

The log also shows that Plaintiff even filed an inquiry prior to the charge and thus followed the investigator's instructions in good faith in order to help the EEOC as best as she could. Exhibit 1, pages Mudahy Exhibit 005-008 to DE17. In *Crawford* (the case that Defendant cites as the standard for good faith), the plaintiff there failed to provide additional reply to the EEOC's request for additional evidence, including the failure to provide medical information when the EEOC requested. *Crawford*, 186 F.3d 1322 (11th Cir. 1999). In this case the undisputed evidence is that Plaintiff fully cooperated with the EEOC. Exhibit 1 DE17. And in both *Wade* and *Briley* (cited by *Crawford*), the 11th Circuit Court stated that it was a good-faith effort that needed to be satisfied, which Plaintiff here has done.

4.  More importantly, the 11th Circuit Court of Appeals very liberally construes the "reasonably expected" standard. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). Particularly in *Gregory*, the Court cites multiple 11th Circuit cases to show that: "The purpose of this exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged

discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 929 (11th Cir. 1983); see also *Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989) ("The purpose of the filing requirement is to ensure that the settlement of grievances be first attempted through the office of the EEOC.") (internal quotation and citation omitted). This Court further has noted that judicial claims are allowed if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate. *Wu*, 863 F.2d at 1547 (citation omitted)." *Id*. The facts that Plaintiff puts forth in her Original Complaint all could have been reasonably expected because they help to "'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint", expanding on her complaints of insults and harassing behavior allowed against Plaintiff by Defendant.

5. The *Gregory* court even adopts a 5th Circuit case to show that a Plaintiff filing a EEOC charge pro se should be granted some leniency. *Gregory*, 355 F.3d 1277, 1281 (11th Cir. 2004); *Danner v.*

*Phillips Petroleum Co.*, 447 F.2d 159, 161-62 (5th Cir. 1971). In *Danner*, the 5th Circuit ruled, and the 11th Circuit adopted, that an "employee filing an EEOC complaint without the assistance of counsel are to be construed liberally, and holding that the EEOC charge complaining of discharge was "reasonably related" to Title VII complaint that "she was discharged"". *Gregory*, 355 F.3d 1277, 1281 (11th Cir. 2004); *Danner*, 447 F.2d 159, 161-62 (5th Cir. 1971). See also *EEOC v. STME LLC*, 309 F. Supp. 3d 1207 (MD FL Feb. 15, 2018) (Plaintiff sufficiently plead an association discrimination claim without mentioning the term "associate" in their EEOC Charge). Thus, that same standard should apply in this case, where Plaintiff also filed her EEOC charge pro se yet still explicitly alleged discrimination and retaliation on the basis of race, sex, and disability. Exhibit 1 to DE17.

6. In fact, Defendant alleges incorrectly that the targeted counts could not have been reasonably expected to grow out of the filed EEOC charge. Defendant cites the entirety of the EEOC charge and emphasizes the portion that alleges retaliation on the basis of workers compensation claim. However, Defendant willfully fails to

emphasize the portion of the EEOC charge that states, "I [Plaintiff] believe that I have been discriminated and retaliated against, because of my race (African American), sex (female), age (52) and my disability, in violation of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, and the American with Disabilities Act of 1990, as amended." Docket 13; Exhibit 1, pages 483-484. Counts alleging discrimination and retaliation on the basis of race, sex, and disability could reasonably be expected to grow out of Plaintiff explicitly stating in her EEOC Charge that she believes that she has "been discriminated and retaliated against, because of my race...sex...and my disability..." (omissions of part of quote done for ease and emphasis). Docket 13, Exhibit 1, Mudahy, Pages 442-443. Also, the emphasized portions of Plaintiff's EEOC Charge do not cancel out the allegations of race, sex, and disability discrimination and retaliation. Defendant fails to cite a case where worker's compensation retaliation effectively negates claims of race, sex, and disability discrimination and retaliation. And Defendant's allegations of insubordination are disputed by Plaintiff in her Complaint and thus created fact issues

10

that would survive Defendant's motion. Docket 1. Plaintiff properly alleged that Defendant's proffered reason for Plaintiff's termination was fraudulent and illegitimate because Defendant purposely held the hearing on a day that they knew Defendant would not be able to attend despite Plaintiff saying she could re-schedule. Docket 1. Therefore, it would be far more appropriate to deny Defendant's motion and allow the case to proceed to trial.

7.  In conclusion, Plaintiff sufficiently satisfied the exhaustion of administrative remedies requirement for these counts by making a good faith effort to cooperate with the EEOC investigation.

**II.    Plaintiff has given sufficient facts as to why Defendant's cited reason for termination is untrue and pretext for Defendant's actual reasons of discrimination and retaliation**

8.  Defendant seeks summary judgment as to Counts 3 and 7 (Plaintiff's claims of race discrimination and retaliation under 42 USC §1981) by alleging that these claims cannot be granted relief because Defendant claims that Plaintiff insufficiently pleaded enough facts to establish claims of race discrimination and

retaliation. Docket 13.

9. Such an argument is completely frivolous because Plaintiff specifically mentioned on her Complaint that Plaintiff was subjected to constant racial harassment including racial slurs, complained of such racial discrimination, and was ultimately retaliated against by Defendant with her termination. Docket 1. Plaintiff also alleged facts in her Complaint that could reasonably show that Defendant's proffered reason for terminating Plaintiff was illegitimate and pretext. Docket 1, paragraphs 93-97. Specifically, Defendant refused to re-schedule the investigative hearing to a time that Plaintiff and her counsel would have been able to attend and thus denying Plaintiff her procedural due process rights and deviating from Defendant's policies and precedent. Docket 1, paragraphs 93-97.

10. In the case at hand, Defendant has failed to meet its burden for summary judgment. Assuming all the facts in favor of Plaintiff regarding race discrimination and retaliation counts, Plaintiff has argued that Defendant, through its authorized agents that supervised Plaintiff, subjected Plaintiff through constant acts of

racial discrimination and retaliation, up to and including the termination and the upholding of that termination. In Paragraphs 27 and 28 of Plaintiff's Complaint, Plaintiff alleges that she was subjected to constant insults by her supervisors working on behalf of Defendant specifically targeting her race. Docket 1. These insults included "aggressive Negra" and the n-word. Docket 1.

11. Despite what Defendant's summary judgment motion states, allowing Black employees to be called the n-word or "aggressive Negra" can reasonably be construed as exemplifying Defendant's racial animus against Plaintiff on the basis of Plaintiff's race. And contrary to what Defendant said in their motion, Plaintiff did mention in her Complaint in Paragraph 106 that she had "complained about Defendant's multiple incidences of mistreatment due to her race, sex, and disability, perceived disability, and record of disability." Docket 1. From there, it can be reasonably inferred that a Defendant that allows that racial discrimination would have that racial animus among its decision makers or been influenced to act because of Plaintiff's race. Plaintiff also alleged that Defendant had a history of mistreating

Black employees, reasonably implying that she was subjected to that same racial discrimination and retaliation. Docket 1, paragraph 107.

12. Nowhere in the cases cited by Defendant in its Motion for Summary Judgment does it say that Plaintiff must recount every single detail of the complaints beyond the fact that they were made, and that Defendant was thus put on notice. Plaintiff did complain to supervisors and human resources of the discrimination, and Defendant retaliated against these complaints by terminating Plaintiff. Plaintiff has sufficiently alleged such facts in her Complaint. Docket 1.

13. The 11th Circuit also defined pretext in the *McDonnell-Douglas* framework as the following: "To show pretext, the plaintiff may demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Alvarez v. Royal Atl. Dev.*, 610 F.3d 1253, 1265 (11th Cir. 2010). Simply introducing evidence of discriminatory animus unconnected to the employer's proffered

reasons is insufficient. See *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1309 (11th Cir. 2007)." *Tsavarus v. Savannah Law Sch. LLC*, 847 Fed. Appx. 634 (11th Cir. 2021). More specifically, the 11th Circuit states that: "We have recognized that 'an employer's deviation from its own standard procedures may serve as evidence of pretext.'" *Id.* (quoting *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006)).

14. Plaintiff can show that Defendant's proffered reason for termination was completely illegitimate and pretextual. Plaintiff was more than willing to attend any mandatory investigatory meeting with Defendant and told Defendant as much. However, Defendant refused to re-schedule the meeting from May 10, 2021. Docket 1. Plaintiff's reason, which was communicated to Defendant, was because of scheduling conflicts and the fact that counsel would not be available on that day. Docket 1. To the best of Plaintiff's and her counsel's knowledge, Defendant had always allowed for employees to have counsel during investigative hearings and that it was Defendant's policy to protect such procedural due process rights as a public employer. Plaintiff,

15

through her counsel, offered to attend such a meeting at a different time so that she could attend with her counsel. Docket 1. Defendant, however, refused to re-schedule, failing to even offer a reason why such a meeting had to be on May 10. Docket 1, paragraph 94. Plaintiff's counsel advised Plaintiff not to attend such a meeting without a lawyer, and Plaintiff complied. Two days later, Defendant, without warning to Plaintiff or her counsel, terminated Plaintiff because of her absence at the illegitimate investigative hearing. Despite Plaintiff's stated willingness to re-schedule, Defendant deviated from their standard procedure and terminate Plaintiff after Defendant held a hearing Defendant knew Plaintiff could not attend. Docket 1. The allegation of lying about worker's compensation only came after the termination and had nothing to do at the time.

15. In summary, Plaintiff sufficiently plead enough facts to allege both racial discrimination and retaliation as well as alleged sufficient facts to reasonably argue that Defendant's proffered reason for terminating Plaintiff was pretextual.

16.  Further, the facts alleged make clear that Plaintiff's claims are

    not time-barred by the applicable statute of limitations.


## CONCLUSION

The District Court's order granting summary judgment is contrary

to law and should be reversed.


## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation in Rule

32(a)(7)(B) of the Federal Rules of Appellate Procedure. This document

is printed in Century Schoolbook 14-point font and contains **3647** words,

as counted by MS Word.


## CERTIFICATE OF SERVICE

I certify on February 25, 2024, I electronically filed this document

with the Clerk of the Court using CM/ECF. I also certify this document

is being served this day on all counsel of record either via transmission

of Notices of Electronic Filing generated by CM/ECF or in another

authorized manner for those counsel or parties not authorized to receive

electronically Notices of Electronic Filing.

Respectfully submitted,

_s/davidwinker/_

David J. Winker, Esq.

Fla. Bar. No. 73148

David J. Winker, PA

4720 S. Le Jeune Rd

Coral Gables, Fl 33146

305-801-8700

Counsel for Appellant