# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CASE NO. 23-13064-E

_____

SUZANN MUDAHY-NICHOLSON,
Appellant,


-vs-


CITY OF MIAMI,
Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:22-CV-20019-JEM

_____

## ANSWER BRIEF OF APPELLEE
## CITY OF MIAMI

_____

JOHN A GRECO, Interim City Attorney
ERIC J. EVES, Senior Appellate Counsel
BRYAN E. CAPDEVILA, Assistant City Attorney
Attorneys for City of Miami
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary Emails: eeves@miamigov.com
                   bcapdevila@miamigov.com
Secondary Emails: csantos@miamigov.com
                   smfernandez@miamigov.com

## CERTIFICATE OF INTERESTED PERSONS

Under Eleventh Circuit Rules 26.1-1 and 28-1, Appellee, the City of Miami, files this Certificate of Interested Persons.

1. Becerra, Jacqueline, U.S. Magistrate Judge

2. Capdevila, Bryan E., Counsel for Defendant/Appellee

3. City of Miami, Interested Party/Defendant/Appellee

4. Eves, Eric J., Counsel for Defendant/Appellee

5. Ferguson, Adanna N., Counsel for Defendant/Appellee

6. Jones, Kevin R., Counsel for Defendant/Appellee

7. Mandel, Arthur, Counsel for Plaintiff/Appellant

8. Martinez, Jose E., U.S. District Court Judge

9. Méndez, Victoria, Counsel for Appellee/Defendant

10. Mudahy-Nicholson, Suzann, Interested Party/Defendant/Appellee

11. Negron, Jurgen G., Counsel for Plaintiff/Appellant

12. Panoff, Stephanie K., Counsel for Defendant/Appellee

13. Winker, David J., Counsel for Appellant/Plaintiff

## CORPORATE DISCLOSURE STATEMENT

Not applicable.

/s/ *Eric J. Eves*
Eric J. Eves
Florida Bar No. 91053

C-1

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is unwarranted because the Initial Brief failed to challenge many of the conclusions in the district court's order and, even putting aside the obvious problem of waiver, this case requires nothing more than a straightforward application of the governing law.

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ..................................................................C-1

STATEMENT REGARDING ORAL ARGUMENT …………………………..i

TABLE OF CONTENTS............................................................................ ii

TABLE OF AUTHORITIES ......................................................................iv

STATEMENT OF ISSUES ON APPEAL ...............................................1

STATEMENT OF THE CASE..................................................................... 2

STANDARD OF REVIEW .......................................................................7

SUMMARY OF THE ARGUMENT .........................................................8

ARGUMENT ...........................................................................................9

I.    COUNT I AND PORTIONS OF COUNTS II AND III ARE TIME-BARRED
      AND THE INITIAL BRIEF DOES NOT ADEQUATELY CONTEST THE
      DISTRICT COURT'S DECISION ON THIS POINT..................................9

II.   THE ARGUMENT REGARDING PRETEXT FAILS AS A MATTER OF
      LAW AND DOES NOT CONFRONT THE DISTRICT COURT'S MERITS
      DECISION................................................................................13

      A. Failing to Confront the District Court's Merits Decision .......................13

      B. The Arguments in the Second Point on Appeal ......................................15

      C. The Merits Were Properly Decided..........................................................17

            i.   The Race-based and Sex-based Discrimination Claims ...............18

            ii.  The Disability-based Discrimination Claim ..................................19

            iii. The Retaliation Claim ..................................................................24

CONCLUSION ........................................................................................................26

CERTIFICATE OF COMPLIANCE .......................................................................27

CERTIFICATE OF SERVICE ................................................................................27

SERVICE LIST .......................................................................................................28

## TABLE OF AUTHORITIES

### Cases

*Access Now, Inc. v. Sw. Airlines Co.*,
 385 F.3d 1324 (11th Cir. 2004).............................................................. 14

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) .............................................................................. 7

*Baker v. Birmingham Bd. of Educ.*,
 531 F.3d 1336 (11th Cir. 2008)............................................................. 11

*Berry v. Crestwood Healthcare LP*,
 84 F.4th 1300 (11th Cir. 2023) ............................................................ 25

*Bridge Capital Inv'rs, II v. Susquehanna Radio Corp.*,
 458 F.3d 1212 (11th Cir. 2006)............................................................... 7

*Chapman v. AI Transp.*,
 229 F.3d 1012 (11th Cir. 2000)............................................................. 19

*City of Hialeah, Fla. v. Rojas*,
 311 F.3d 1096 (11th Cir. 2002)....................................................... 10, 11

*City of Miami v. Jean-Phillipe*,
 232 So. 3d 1138 (Fla. Dist. Ct. App. 2017) ......................................... 22

*Connor v. Bell Microproducts-Future Tech, Inc.*,
 492 F. App'x 963 (11th Cir. 2012) .................................................. 18, 19

*Cordoba v. Dillard's, Inc.*,
 419 F.3d 1169 (11th Cir. 2005)............................................................. 20

*Earle v. Birmingham Bd. of Educ.*,
 843 F. App'x 164 (11th Cir. 2021) ....................................................... 18

*Garczynski v. Bradshaw*,
 573 F.3d 1158 (11th Cir. 2009)............................................................... 7

*Jackson v. Seaboard Coast Line R. Co.*,
    678 F.2d 992 (11th Cir. 1982) .............................................................. 10

*Langford v. Magnolia Advanced Materials, Inc.*,
    709 F. App'x 639 (11th Cir. 2017) ...................................................... 18

*Ledbetter v. Goodyear Tire & Rubber Co., Inc.*,
    421 F.3d 1169 (11th Cir. 2005) ..................................................... 10, 11

*Lewis v. City of Union City, Georgia*,
    918 F.3d 1213 (11th Cir. 2019) ............................................................ 18

*Matamoros v. Broward Sheriff's Off.*,
    2 F.4th 1329 (11th Cir. 2021) ....................................................... 20, 25

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ............................................................................. 7

*Monaghan v. Worldpay US, Inc.*,
    955 F.3d 855 (11th Cir. 2020) ....................................................... 14, 17

*Payne v. Goodyear Tire & Rubber Co.*,
    760 F. App'x 803 (11th Cir. 2019) ...................................................... 20

*Sapuppo v. Allstate Floridian Ins. Co.*,
    739 F.3d 678 (11th Cir. 2014) ....................................................... 12, 13

*Shaw v. City of Selma*,
    884 F.3d 1093 (11th Cir. 2018) ............................................................. 7

*Singh v. U.S. Atty. Gen.*,
    561 F.3d 1275 (11th Cir. 2009) ........................................................... 12

*Stimpson v. City of Tuscaloosa*,
    186 F.3d 1328 (11th Cir. 1999) ...................................................... Passim

*United States v. Campbell*,
    26 F.4th 860 (11th Cir. 2022) ....................................................... 14, 15

*Vaughn v. FedEx Freight, Inc.*,
  824 F. App'x 797 (11th Cir. 2020) ....................................................... 14

*Walter Intern. Productions, Inc. v. Salinas*,
  650 F.3d 1402 (11th Cir. 2011).............................................................. 12

*Wood v. Calhoun Cnty. Fla.*,
  626 F. App'x 954 (11th Cir. 2015) ....................................................... 21

### Statutes

42 U.S.C. § 1981 ............................................................................... Passim

42 U.S.C. § 2000 .................................................................................. 3, 6

42 U.S.C. § 12101 ................................................................................ 3, 6

42 U.S.C.A. § 2000e-5........................................................................... 10

### Rules

Eleventh Circuit Rule 32-4 ...................................................................... 27

Eleventh Circuit Rule 26.1-1 ..................................................................... 1

Eleventh Circuit Rule 28-1 ......................................................................... 1

Fed. R. App. P. 28 ................................................................................... 13

Fed. R. App. P. 32 ................................................................................... 27

Fed. R. App. P. 56................................................................................... 5, 7

## STATEMENT OF ISSUES ON APPEAL

1. Whether the district court properly granted summary judgment for the employer on Count I (Sex Discrimination under Title VII) and portions of Counts II (Race Discrimination under Title VII) and III (Race Discrimination under 42 U.S.C. § 1981) because the former employee's claims were time-barred.

2. Whether the district court properly granted summary judgment for the employer on all counts on the merits.

## STATEMENT OF THE CASE

This case arises from the City of Miami terminating the employment of Suzann Mudahy-Nicholson, who was an employee of the City from July 11, 2004, until May 12, 2021. [D.E. 36 at ¶¶ 4, 44; 55 at ¶¶ 4, 44].[1] Mudahy-Nicholson is a black, homosexual female who suffers from a disability. [D.E. 36 at ¶1; 55 at ¶¶ 70-71]. The City's proffered reason for terminating her concerned violating Civil Service Rules and Regulations 14.2(d)-(e), (h)-(i) by failing to appear for an investigative meeting. [D.E. 36-7]. Mudahy-Nicholson appealed her termination to the City's Civil Service Board, but the Board unanimously found her in violation of the Civil Service Rules and Regulations. [D.E. 36 at ¶¶ 48, 51-54; 55 at ¶¶ 48, 51-54].

On September 29, 2021, Mudahy-Nicholson filed a charge of discrimination with the Florida Commission on Human Relations and the United States Equal Employment Opportunity Commission (EEOC). [D.E. 36 at ¶1, 36-3]. She later filed suit on January 3, 2022. [D.E. 1].

---

[1] In this brief, record citations are cited as "[D.E. xx at yy]" such that "xx" shall refer to the docket entry number where the cited document can be located within the docket of the proceedings below and "yy" represents the pincite location where the cited material can be located within the aforementioned document. Otherwise, where a paragraph number is used instead of a pincite, the paragraph number will appear within the brackets.

In the complaint, Mudahy-Nicholson alleged eight counts against the City: (I) Sex Discrimination under Title VII; (II) Race Discrimination under Title VII; (III) Race Discrimination under 42 U.S.C. § 1981; (IV) Disability Discrimination under 42 U.S.C. § 12101; (V) Retaliation for Complaints of Sex Discrimination under 42 U.S.C. § 2000e; (VI) Retaliation for Complaints of Race Discrimination under 42 U.S.C . § 2000e; (VII) Retaliation for Complaints of Race Discrimination under 42 U.S.C. § 2000e; and (VIII) Retaliation for Complaints of Disability Discrimination under 42 U.S.C. § 12101. [D.E. 1].

### A.    Sex Discrimination Claim

Mudahy-Nicholson relied on two alleged incidents to establish a sex discrimination claim, both of which occurred years before she filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC. The first incident allegedly occurred in 2015, when Mudahy-Nicholson's supervisor loudly and publicly told Mudahy-Nicholson she was watching her supervisor's butt ("Capo incident"). [D.E. 36 at ¶ 25; 55 at ¶ 25]. The second incident allegedly occurred in 2017, when a coworker loudly and publicly accused Mudahy-Nicholson of inappropriately touching her ("Pino Incident"). [D.E. 36 at ¶ 26; 55 at ¶ 26]. In response to this complaint, Mudahy-Nicholson's supervisor allegedly disciplined her via a verbal reprimand, among other things. *Id.*

### B.    Race Discrimination Claims

As for race discrimination claims, Mudahy-Nicholson relied on seven alleged incidents. [D.E. 36 at ¶ 28; 55 at ¶ 28]. First, she relied on the Pino incident. [D.E. 36 at ¶ 29; 55 at ¶ 29]. Second, Mudahy-Nicholson claimed that, in 2015, a Hispanic female Code Compliance Inspector was asked to sit for an exam before scheduling Mudahy-Nicholson, who had been hired before that inspector. [D.E. 36 at ¶ 30; 55 at ¶ 30]. Third, she claimed that from 2015 to 2017, she was approached by her supervisors to remind her about work she still needed to complete, while other inspectors were not so reminded. [D.E. 36 at ¶ 31; 55 at ¶ 31]. Fourth, Mudahy-Nicholson claimed she was denied a request for light duty in 2017. [D.E. 36 at ¶ 33; 55 at ¶ 33]. Fifth, Mudahy-Nicholson claimed that in 2017 or in 2018, the City miscalculated her employment history in a manner rendering her ineligible for a new position for failure to meet the experience requirement. [D.E. 36 at ¶ 36; 55 at ¶ 36]. Sixth, Mudahy-Nicholson claimed her termination was a form of race discrimination. [D.E. 36 at ¶ 38; 55 at ¶ 38]. Finally, she claimed a lack of due process and unfair treatment when she appealed her termination. [D.E. 36 at ¶ 55; 55 at ¶ 55].

### C.    Disability Discrimination Claim

In addition to these sex and race discrimination claims, Mudahy-Nicholson alleged a disability discrimination claim. On February 21, 2021, while conducting an inspection, she had an encounter with a then City of Miami Commissioner. [D.E.

4

36 at ¶ 39; 55 at ¶ 39]. Mudahy-Nicholson accused the Commissioner of poking and pushing her. [D.E. 36 at ¶ 40; 55 at ¶ 40]. In response to this allegation, the City began to investigate and ordered her to appear for a meeting related to the investigation. [D.E. 36 at ¶ 41; 55 at ¶ 41]. In a deposition, Mudahy-Nicholson admitted to knowing that an adverse employment action may follow if she failed to appear. [D.E. 36-1 at 146].

Mudahy-Nicholson did not appear for the investigation, after which the City terminated her employment. [D.E. 36 at ¶ 44-45; 55 at ¶ 44-45]. The termination letter stated she was terminated for violating Civil Service Rules and Regulations 14.2(d)-(e), (h)-(i), namely, for willful violation and insubordination by failing to appear for an investigative meeting. [D.E. 36-7]. Mudahy-Nicholson argued those reasons were pretext and she was terminated due to her disability and in retaliation for protected activity.

### D.    The Summary Judgment Proceedings and Ruling

The City moved for summary judgment under Federal Rule of Civil Procedure 56 based on Mudahy-Nicholson's failure to file timely claims, failure to exhaust administrative remedies, failure to prove a prima facie case, and failure to rebut the City's legitimate reasons with pretext. [D.E. 35].[2] Mudahy-Nicholson responded

---

[2] The City had also moved to dismiss, which was denied. [D.E. 13, 49].

without addressing all the City's arguments. [D.E. 50, 54]. The City replied in support of its motion, in which it highlighted her failure to address all arguments. [D.E. 58].

The district court entered an order granting the City's motion for summary judgment on all counts. [D.E. 64]. Its rulings can be summed up as follows:

- Count I (Sex Discrimination under Title VII) and portions of Counts II (Race Discrimination under Title VII) and III (Race Discrimination under 42 U.S.C. § 1981) were time-barred because Mudahy-Nicholson failed to file her claims within 300 days after the alleged unlawful employment practice occurred.

- Counts I (Sex Discrimination under Title VII), II (Race Discrimination under Title VII), and III (Race Discrimination under 42 U.S.C. § 1981) fail on the merits because Mudahy-Nicholson failed to identify any similarly situated comparator.

- Count IV (Disability Discrimination under 42 U.S.C. § 12101) fails on the merits because Mudahy-Nicholson failed to prove that the City Manager knew of her disability or that the proffered reason for termination was pretextual, or because the independent review of the Civil Service Board severed any causal connection between the alleged animus and her termination.

- Counts V (Retaliation for Complaints of Sex Discrimination under 42 U.S.C. § 2000e), VI (Retaliation for Complaints of Race Discrimination under 42 U.S.C. § 2000e), VII (Retaliation for Complaints of Race Discrimination under 42 U.S.C. § 2000e), and VIII (Retaliation for Complaints of Disability Discrimination under 42 U.S.C. § 12101) fail on the merits because Mudahy-Nicholson failed to prove the proffered reason for termination was pretextual or because the independent review of the Civil Service Board severed any causal connection between the alleged statutorily protected expression and her termination.

(D.E. 64). The district court then entered final judgment in the City's favor. [D.E. 65]. This appeal followed.

## STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed *de novo*, viewing the record in the light most favorable to the nonmovant. *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009); *Bridge Capital Inv'rs, II v. Susquehanna Radio Corp.*, 458 F.3d 1212, 1215 (11th Cir. 2006). Under Federal Rule of Civil Procedure 56(a), a district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018). If the movant satisfies that standard, the burden shifts to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted).

"To prevent summary judgment, a factual dispute must be both material and genuine." *Shaw*, 884 F.3d at 1098 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. And to raise a "genuine" dispute, the nonmovant must point to enough evidence that "a reasonable jury could return a verdict for [him or her]." *Shaw*, 884 F.3d at 1098 (citation omitted).

# SUMMARY OF THE ARGUMENT

The district court properly granted summary judgment on all counts. As for Count I and portions of Counts II and III, those claims are time-barred because Suzann Mudahy-Nicholson failed to file her sex and race discrimination claims within 300 days after the alleged unlawful employment practice occurred or within the applicable statute of limitations. Her conclusory claim to the contrary in the Initial Brief is woefully inadequate to rebut this point. In the alternative, summary judgment on Counts I, II, and III was proper because Mudahy-Nicholson failed to identify any similarly situated comparator. On appeal, she does not even address the issue of a comparator. This constitutes a waiver of the claim.

As for Counts IV, V, VI, VII, VIII, the district court properly granted summary judgment on these claims for a variety of reasons. First, Mudahy-Nicholson failed to present sufficient evidence that the City Manager knew of her disability. Second, she failed to present sufficient evidence that the proffered reason for her termination was pretextual. Third, the independent review of the Civil Service Board severed any causal connection between the alleged animus or protected activity and her termination. Many of these points go unrebutted in the Initial Brief. This also results in a waiver of the merits-based issues on appeal.

8

## ARGUMENT

The Argument section in the Initial Brief begins with a non sequitur—claiming Suzann Mudahy-Nicholson sufficiently exhausted administrative remedies as to all the counts. This thought does not logically follow what the district court said in its order granting summary judgment. After all, the district court did not grant summary judgment on the issue of exhaustion. Rather, it concluded that Count I and portions of Count II and III are time-barred and then rejected all counts, including the time-barred counts, on the merits.

It appears that Mudahy-Nicholson (through counsel) merely copied and pasted argument sections from her response to the City of Miami's motion to dismiss, which were also copied and pasted into her response to the City's motion for summary judgment. In other words, the Initial Brief does not contest the specific reasons for summary judgment offered by the district court. This Answer Brief, however, will focus on the district court's reasons for granting summary judgment. It will also explain why Mudahy-Nicholson abandoned arguments against the reasons for summary judgment.

## I. COUNT I AND PORTIONS OF COUNTS II AND III ARE TIME-BARRED AND THE INITIAL BRIEF DOES NOT ADEQUATELY CONTEST THE DISTRICT COURT'S DECISION ON THIS POINT.

As noted above, the district court reasoned that Count I (Sex Discrimination under Title VII) and portions of Counts II (Race Discrimination under Title VII) and

III (Race Discrimination under 42 U.S.C. § 1981) were time-barred. This conclusion was eminently correct.

Sex and race discrimination claims, such as the ones raised by Mudahy-Nicholson based on alleged practices occurring in Florida, must be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred[.]" 42 U.S.C.A. § 2000e-5(e)(1). Otherwise, the claim is untimely and cannot form the basis for Title VII liability. *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1102 (11th Cir. 2002). Although this timeliness requirement is not a jurisdictional impediment, it is a condition precedent which the plaintiff bears the burden to prove if the defendant raises the issue. *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1009-10 (11th Cir. 1982).

In this case, Mudahy-Nicholson bases her sex discrimination claims (Count I) on events that occurred in 2015 ("Capo incident") and 2017 ("Pino incident"). [D.E. 36 at ¶ 25-26; 55 at ¶ 25-26]. Yet, she filed her EEOC claim more than five years after the Capo incident and more than three years after the Pino Incident. [D.E. 36 at ¶1, 36-3]. This is obviously more than 300 days after the alleged unlawful employment practice occurred. As a result, Mudahy-Nicholson's sex discrimination claims cannot form the basis for Title VII liability and Count I fails entirely as a matter of law. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1179 (11th Cir. 2005); *City of Hialeah*, 311 F.3d at 1102.

As for Counts II and III, they fail in large part due to untimeliness. Five of the seven incidents allegedly giving rise to Count II all occurred more than 300 days after the alleged unlawful employment practice occurred: the Pino Incident; scheduling of an exam; supervisors reminding her but not others of work to be done; denial of light duty; and miscalculating employment history. [D.E. 36 at ¶ 29-31, 33, 36; 55 at ¶ 29-31, 33, 36]. Thus, those claims cannot form the basis for liability as a matter of law. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1179 (11th Cir. 2005); *City of Hialeah*, 311 F.3d at 1102.

Count III concerns race discrimination claims under section 1981, which the district court determined must be filed within the four-year statute of limitations. *See Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1338-39 (11th Cir. 2008). Mudahy-Nicholson filed suit on January 3, 2022, [D.E. 1], meaning any incidents occurring before January 3, 2018, are time-barred. The following incidents undisputedly occurred before that date: the Pino Incident; scheduling of the exam; supervisors reminding her but not others of work to be done; and the denial of light duty. [D.E. 36 at ¶ 29-31, 33; 55 at ¶ 29-31, 33]. Thus, all these claims are barred by the applicable statute of limitations.

How does Mudahy-Nicholson contest the district court's rulings on untimeliness? She does so with nothing more than the following argument:

11

> Further, the facts alleged make clear that Plaintiff's claims are not time-
> barred by the applicable statute of limitations.

Initial Br. at 17.

This one sentence argument, with no citation, is buried in the section of the Initial Brief addressing pretext (a merits inquiry). Id. That section of the Initial Brief is titled, "Plaintiff has given sufficient facts as to why Defendant's cited reason for termination is untrue and pretext for Defendant's actual reasons of discrimination and retaliation[.]" Initial Br. at 11.

This perfunctory argument represents an abandonment of any arguments against untimeliness. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Walter Intern. Productions, Inc. v. Salinas*, 650 F.3d 1402, 1413 n.7 (11th Cir. 2011) ("In arguing that it is entitled to a new trial, the Bart Group's initial brief to this Court makes nothing more than a passing reference to its tortious interference with contract claims, and it did not ask the district court for a new trial on those claims, so any argument about them is waived."); *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the

issue on appeal."); Federal Rule of Appellate Procedure 28(a)(8)(A) requires the argument section in an initial brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" That did not occur here. Consequently, the district court's judgment on untimeliness should be affirmed. *See Sapuppo*, 739 F.3d at 680 ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

## II. THE ARGUMENT REGARDING PRETEXT FAILS AS A MATTER OF LAW AND DOES NOT CONFRONT THE DISTRICT COURT'S MERITS DECISION.

### A. Failing to Confront the District Court's Merits Decision

Mudahy-Nicholson's second point on appeal similarly fails to confront the district court's order. This is because Mudahy-Nicholson's argument, challenging the City's legitimate basis for her termination, does not address the district court's order at all. Initial Br. at 11-16. Indeed, the second point on appeal shows Mudahy-Nicholson made no effort in identifying how *the district court* erred, so it cannot be

said that she has brought a proper appeal of the district court's findings and conclusions of law.

Mudahy-Nicholson's omissions provide an independent basis to affirm the district court's order. This Court, after all, typically will not review sections of a district court order that an appellant leaves uncontested. *See Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 859 n.4 (11th Cir. 2020) ("Ms. Monaghan does not appeal the grant of summary judgment on her discrimination claims and discusses her termination in the context of her retaliation claim. Because all her arguments are focused on the retaliation claim, that is the only claim we address."); *Vaughn v. FedEx Freight, Inc.*, 824 F. App'x 797, 802 (11th Cir. 2020) ("Vaughn has not appealed this part of the district court's order, and we therefore affirm without further comment on the retaliation claim.").

This axiom of appellate procedure stems from the straightforward notion that issues not advanced in an initial brief are forfeited or abandoned. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("In the first place, the law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."). To be sure, "courts do have the ability to 'resurrect' forfeited issues *sua sponte* in 'extraordinary circumstances.'" *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022). Those extraordinary circumstances—as the term

14

"extraordinary" suggests—are limited, though, and not one of them implicates the circumstances of *this* case.[3] In sum, the failure to address the order below resulted in a tremendous forfeiture of the merits of Mudahy-Nicholson's case.

## B. The Arguments in the Second Point on Appeal

The City, for the Court's convenience, also addresses Mudahy-Nicholson's non-challenge to the district court's order by first addressing why *each* numbered paragraph within point two is unhelpful to this Court's review of the district court's order granting summary judgment in the City's favor.

Paragraph 8 is confusing because, in Mudahy-Nicholson's efforts to address "summary judgment," she cites to the City's *Motion to Dismiss* and confronts the City's prior assertion that she "insufficiently pleaded" her race-based discrimination and retaliation claims. Initial Br. at 18-19 (citing Complaint [D.E. 13]). Paragraph 9 continues along that line of reasoning, which explains the Mudahy-Nicholson's citations to the Complaint and scattered references to her "alleged facts." *Id.* at 19. Although paragraphs 10 and 11 use the term "summary judgment," Mudahy-

---

[3] To illustrate, those circumstances are limited to "five situations":

(1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern. *Campbell*, 26 F.4th at 873.

Nicholson again discusses the allegations in her "Complaint" and cites it as the basis for why the City's summary judgment motion should be denied. *Id.* at 20. Paragraph 12 similarly cites the Complaint and, in addition, does not address the merits ruling because Mudahy-Nicholson appears to argue facts germane to exhaustion. *Id.* at 21. Paragraph 13 contains caselaw, so there is nothing more to say about it. *Id.* at 22. As for Paragraph 14, Mudahy-Nicholson similarly relies on the Complaint and fails to provide any other factual or legal citation to support the averments contained therein. *Id.* at 22-23. Paragraph 15 also contains references to "sufficiently plead[ing] enough facts to allege both racial discrimination and retaliation." *Id.* at 23. And lastly, Paragraph 16 references "the facts alleged" but only as to the issues of the "applicable statute of limitations." *Id.* at 24.

Here, the reason *why* each paragraph does not address the district court's order granting summary judgment, *why* it does not meaningfully address the City's Motion for Summary Judgment, and *why* the second point on appeal repeatedly addresses pleading standards is because—indeed—Mudahy-Nicholson largely copied her response in opposition to the City's motion to dismiss as her legal analysis for this appeal. *Compare* Initial Br. at 18-24, *with* Response in Opposition to Motion to Dismiss [D.E. 17 at 8-12]. The only difference, as far as the City can tell, are slight modifications that reference the existence of a summary judgment motion without ever citing it. Even before this appeal, Mudahy-Nicholson echoed her legal analysis

16

to the City's motion to dismiss in her response to the City's Summary Judgment Motion. *Compare* Response in Opposition to Motion to Dismiss [D.E. 17 at 8-12], *with* Response in Opposition to Motion for Summary Judgment [D.E. 54].

Regardless, because she did not meaningfully challenge the City's summary judgment motion or any issue that derives from the district court's order, Mudahy-Nicholson has forfeited all merits-based determinations. As there is no appeal of the district court's merits determination, the district court's merits determinations should be summarily affirmed. *See Monaghan*, 955 F.3d at 859 n.4 (declining to address issues not briefed on appeal).

## C. The Merits Were Properly Decided

The City, without waiving its position that Mudahy-Nicholson forfeited any opportunity to challenge the order granting summary judgment in its favor, addresses the merits anyway. In the City's view, doing so provides additional assurances that the merits-based determinations were correctly decided.

Stated broadly, to prove intentional discrimination in the employment context, "a plaintiff must establish (1) the employer's discriminatory animus towards the employee based on the employee's protected characteristic; (2) a discharge or other significant change in the terms or conditions of employment; and (3) a causal link between the two." *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331 (11th Cir. 1999). "To establish a prima facie case of retaliation, a plaintiff must show that he

17

engaged in protected activity, suffered an adverse action, and that a causal connection existed between the two." *Langford v. Magnolia Advanced Materials, Inc.*, 709 F. App'x 639, 643 (11th Cir. 2017).

### i. The Race-based and Sex-based Discrimination Claims

The district court found that the discrimination claims predicated on race-based and sex-based discrimination failed because Mudahy-Nicholson "does not dispute that she is unable to point to any comparator." [D.E. 64 at 7]. The record demonstrates this. *Compare* City's SMF [D.E. 36 at ¶ 27], *with* Plaintiff's SMF [D.E. 55 at ¶ 27]. And she did not make any attempt to identify one in the proceedings below. *See generally* Response to Summary Judgment Motion [D.E. 54].

Nor does Mudahy-Nicholson suggest she has a comparator in this appeal in order to cast doubt on the district court's order or on the City's legitimate reasons. *See generally* Initial Br. Accordingly, that issue was correctly decided. *See Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1229 (11th Cir. 2019) (explaining a plaintiff claiming they were discriminated against "must demonstrate—as part of [their] prima facie case—that [they] and [their] comparators are 'similarly situated in all material respects.'"); *Earle v. Birmingham Bd. of Educ.*, 843 F. App'x 164, 166 (11th Cir. 2021) (affirming summary judgment in defendant's favor where plaintiffs failed meet prima facie burden for lack of comparator for sex-based and race-based discrimination claims); *Connor v. Bell Microproducts-Future Tech, Inc.*,

492 F. App'x 963, 966 (11th Cir. 2012) (failing to meet a prima facie case of race discrimination for lack of adequate comparator).

### ii. The Disability-based Discrimination Claim

The disability-based discrimination claim, as previously stated, failed in the district court for several reasons. ***First***, Mudahy-Nicholson failed to show pretext, as there was "no dispute that [she] received warning that skipping out on the internal investigation would lead to termination." *Id.* at 11. And the district court considered Mudahy-Nicholson's inability to point to any inconstant application of that policy. *Id.* In fact, rather than confront that basis for her discipline head-on, the district court observed that Mudahy-Nicholson conceded to the non-discriminatory reason's validity by only arguing that she wanted to reschedule the internal investigation and never showing discriminatory enforcement of this City Policy.  *Id.* Because she never refuted the basis for the discipline by seeming to agree with it in her efforts to try and say she should have had the interview rescheduled, summary judgment was properly awarded in the City favor. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) ("Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.")

***Second***, Mudahy Nicholson failed to show the City Manager "was aware of [her] disability" or otherwise "could have learned about the disability." *See* Order

[D.E. 64 at 9]. The record confirms Mudahy-Nicholson never disputed—and thus she concedes—that the City Manager lacked awareness of her disability. *Compare* City's SMF [D.E. 36 ¶ 66], *with* Plaintiff's SMF [D.E. 55 ¶ 66]. And there was nothing in the record capable of suggesting otherwise. Summary judgment of the disability claim could have been granted on this basis alone. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1180–83 (11th Cir. 2005) (explaining actual knowledge is necessary to show discrimination); *Payne v. Goodyear Tire & Rubber Co.*, 760 F. App'x 803, 810 (11th Cir. 2019) (affirming summary judgment where decisionmakers were unaware of the disability).[4]

**Lastly**, the district court concluded that—*even if* Mudahy-Nicholson could show the City's reason was unworthy of credence at summary judgment—the independent review from the civil service board "broke any causal link between the animus and the termination." *Id.*

In her Statement of Material facts, Mudahy-Nicholson deemed the following facts undisputed:

- She **appealed** her termination to the City's Civil Service Board ("Board").

---

[4] C*f. Matamoros v. Broward Sheriff's Off.*, 2 F.4th 1329, 1337 (11th Cir. 2021) ("You can't retaliate against something you don't know exists. And on this record, there is no evidence that the relevant decisionmakers knew of Matamoros's protected activity, so any adverse action taken against her couldn't have been in retaliation for it.").

- The Board **unanimously found her guilty** of violating
  Civil Service Rules 14.2(d); 14.2(e)(1) and (2); 14.2(h);
  and 14.2(i).

- The Board **upheld the Plaintiff's termination**.

*Compare* City's SMF [D.E. 36 at ¶¶ 48, 51, 54], *with* Plaintiff's SMF [D.E. 55 at ¶¶

48, 51, 54].

In so doing, Mudahy-Nicholson severed all causal connection between the

City Manager's alleged discriminatory/retaliatory decision and her termination. *See,*

*e.g.*, *Stimpson*, 186 F.3d at 1331 ("[E]ven assuming, arguendo, that she introduced

sufficient evidence to allow a reasonable jury to find discriminatory animus on the

part of the City, the causal link between that animus and her termination is broken

by the Board's hearing and independent decision to actually terminate her.")); *Wood*

*v. Calhoun Cnty. Fla.*, 626 F. App'x 954, 957 (11th Cir. 2015) ("The Board's

independent evaluation, therefore, broke the causal link between Wood's

supervisor's alleged animus and his termination, and Wood never directly rebutted

the reason given for his firing.").

Some context. The Board is a five-member panel with the authority to conduct

quasi-judicial hearings on disciplinary matters pursuant to Section 36 of the City's

Charter. The City Charter states:

> Any employee in the classified service who deems that
> he or she has been suspended, removed, fined, laid off, or
> demoted without just cause may, within 15 days of such
> action, request in writing a ***hearing before the civil***

> *service board to determine the reasonableness of the action*. The board shall, within 30 days after appeal of the employee disciplined, *proceed to hear such appeal. After hearing and considering the evidence for and against the employee, the board shall report in writing to the city manager its findings and recommendations*. The city manager shall then sustain, reverse, or modify the action of the department director. Any member of the civil service board and the director of personnel *may administer an oath to witnesses* appearing before said board or before said director in an investigation, disciplinary or appeal proceedings, and *they shall have the power to issue witness subpoenas and to compel the attendance of witnesses*.

City of Miami Charter, §36 (emphasis added). The City's Code further discusses the disciplinary hearings before the Board and establishes the conduct at hearings, testimony requirements, and the order of proof, among other things. City of Miami Code, §40-124.

The Board's findings in a disciplinary matter must be upheld by the City Manager unless their findings are not supported by competent substantial evidence. *See City of Miami v. Jean-Phillipe*, 232 So. 3d 1138, 1144-45 (Fla. Dist. Ct. App. 2017) (explaining the findings from the City of Miami's disciplinary board may not be re-weighed and that the findings cannot be overturned unless the board's finding lacks "competent substantial evidence").

In the district court, it was *undisputed* that Mudahy-Nicholson challenged her termination before the City's Board while represented by an attorney, who was

permitted to cross examine all witnesses and call witnesses on her behalf, at a full-day hearing at which Plaintiff testified. It was further *undisputed* that all five members of the Board *upheld the City's reason for her termination and found that her conduct violated various Civil Service Rules.*

Any causal link that may have existed, therefore, was severed. For example, in *Stimpson,* the City of Tuscaloosa ("Tuscaloosa") had a similar Civil Service Board to the City's. *See Stimpson*, 186 F.3d at 1330. Tuscaloosa's board—much like the City's Board—held evidentiary hearings and determined whether an employee should be terminated. *Id.* Tuscaloosa's Board, which consisted of three members, had a three-day hearing wherein the plaintiff, a former police officer, was represented by counsel and put on witnesses in her defense. *See id.* After the conclusion of the hearing, Tuscaloosa's Board upheld the plaintiff's termination based on the alleged misconduct. *See id.* After her termination, the plaintiff filed a case alleging her termination was discriminatory in violation of, among other things, Title VII. *Id.* This Court affirmed summary judgment in favor of Stimpson's employer, finding that the Tuscaloosa Board's independent finding broke the causal connection between any animus from the decisionmaker and her termination despite the "grave reservations about the disparate treatment evidence presented by [the plaintiff]." *Id.* at 1331.

As this Court recognized, "[w]hen the biased recommender and the actual decisionmaker are not the same person or persons, a plaintiff may not benefit from the inference of causation that would arise from their common identity." *Id.* Instead, a "plaintiff must prove that the discriminatory animus behind the recommendation, and not the underlying employee misconduct identified in the recommendation, was an actual cause of the other party's decision to terminate the employee." *Id.*

Because *Stimpson* is identical to this case in all relevant respects, Mudahy-Nicholson was unable to show causation as to any of her claims. This is because the City's Board, in light of the process that was afforded to Mudahy-Nicholson and the outcome reached, severs any causal link that may have otherwise existed because the Board found civil service rule violations. And, again like in *Stimpson,* Mudahy-Nicholson failed to establish that *anyone* on the Board held any discriminatory/retaliatory animus toward her in the district court. Plus, she never addressed the City Manager's inability to reverse or modify the decision because the Board had competent and substantial evidence for the rule violations.

To summarize, summary judgment was properly granted because of Mudahy-Nicholson's failure to show pretext *and* the severing of the causal link.

### iii. The Retaliation Claim

Turning last to the retaliation claim, the district court found that it failed "for the same reasons as her disability discrimination claim," which were "the causal

connection was severed by the independent review of the Civil Service board and Plaintiff ha[d] not offered sufficient evidence to show pretext." *Id.* at 12. For the reasons previously stated, that conclusion was correct and consistent with existing law. *See Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307 (11th Cir. 2023) (explaining that a claim of retaliation can be defeated with a legitimate non-retaliatory reason for the adverse action, which stands unless the employee can prove the proffered reason was a pretext for retaliation); *Matamoros*, 2 F.4th 1329, 1337 (11th Cir. 2021) ("[T]here is no evidence that the relevant decisionmakers knew of Matamoros's protected activity, so any adverse action taken against her couldn't have been in retaliation for it."); *Stimpson*, 186 F.3d at 1331 (concluding in intentional discrimination context that an independent decision to terminate severed a causal link between any animus and the termination).

25

## CONCLUSION

In sum, the district court properly granted summary judgment on all counts.

This Court should, therefore, affirm the final judgment in the City's favor.

Respectfully submitted,

JOHN A. GRECO, Interim City Attorney
ERIC J. EVES, Senior Appellate Counsel
BRYAN E. CAPDEVILA, Assistant City Attorney
Attorneys for City of Miami
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary Emails: eeves@miamigov.com
                bcapdevila @miamigov.com
Secondary Emails: csantos@miamigov.com
                smfernandez@miamigov.com


/s/ *Eric J. Eves*
Eric J. Eves
Florida Bar No. 91053


/s/ *Bryan E. Capdevila*
Bryan E. Capdevila
Florida Bar No. 119286

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4, this brief contains 5,707 words. This document also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of 32(a)(6).

/s/ *Eric J. Eves*
Eric J. Eves
Florida Bar No. 91053

## CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Eric J. Eves*
Eric J. Eves
Florida Bar No. 91053

## **SERVICE LIST**

David J. Winker, Esq.
David J. Winker, P.A.
4720 S. Le Juene Rd.
Coral Gables, FL 33146
305-801-8700
dwinker@dwrlc.com

Counsel for Appellant